The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 ***********
Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. On May 4, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on May 4, 1994.
5. On said date the plaintiff was earning an average weekly wage of $397.63.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of her employment with the defendant on May 4, 1994; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
7. The parties further stipulate into evidence approximately 225 pages of medical records and a climatological weather survey for May of 1994.
8. The parties further stipulate the plaintiff began working for the defendant February 6, 1988 and last actively performed her work duties October 30, 1995.
At the hearing on August 27, 1996, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a supervisor's report dated May 4, 1994.
2. Plaintiff's Exhibit 2, marked P2, consisting of plaintiff's statement dated May 4, 1994, to which the defendant objects.
3. Plaintiff's Exhibit 3, marked P3, consisting of reports of supervisory communications with the plaintiff.
4. Plaintiff's Exhibit 4, marked P4, consisting of a supervisory warning dated October 10, 1994.
5. Plaintiff's Exhibit 5, marked P5, consisting of a summary of leave policy.
6. Plaintiff's Exhibit 6, marked P6, consisting of an E-mail message.
7. Plaintiff's Exhibit 7, marked P7, consisting of OSHA documents, which the undersigned excluded from the record.
8. Plaintiff's Exhibit 8, marked P8, consisting of a memo dated March 29, 1995.
Subsequent to the hearing on August 27, 1996, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Rolin F. Barrett, Ph.D. dated October 14, 1996.
2. Deposition of Dr. Mitchell Freedman dated October 10, 1996.
3. Deposition of Mark F. Lefebvre, Ph.D. dated September 13, 1996.
4. Deposition of John F. Warren, III, Ph.D. dated September 3, 1996.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On May 4, 1994, defendant was engaged in providing airline transportation to the general public within the United States and abroad and in carrying out this business made reservations for the public involving departure and arrival locations and times for such departures and arrivals on its aircraft.
2. In carrying out the reservation portion of its business, defendant employed five reservationists. Plaintiff was one of these reservationists. Her duties included holding telephone conversations with the public and using computer equipment to call up flight schedules and record information of the reservations. These duties involved the use of both hands in the operation of a keyboard. For convenience and efficiency, the reservationists were provided with and required to use telephone headsets.
3. In performing her duties as a reservationist, plaintiff as well as her four co-worker reservationists were exposed to static electricity, a phenomena which exists in all areas where electrically powered equipment is used. Static electricity is present within the plaintiff's work environment and also outside the workplace. The public is generally exposed to the harmless low voltage static electricity plaintiff experienced at her job.
4. On May 4, 1994, plaintiff was exposed to static electricity and became disturbed and upset. Defendant, in the abundance of caution, had plaintiff transported to a local emergency room for medical observation. She was found to have suffered no injury or damage and medically released to return to work and did so return to work on May 9, 1994.
5. Subsequent to May 9, 1994, plaintiff continued to carry out the duties of her employment in a satisfactory manner until April of 1995 when she voluntarily took a medical leave of absence from her employment from May 9, 1994 to April 1995. Plaintiff was out of work during portions of November and December of 1994 and intermittently after January 3, 1995, and related a further static electricity experience in November of 1994 while performing her work duties.
6. Throughout her work experience with defendant and from the time she was in her twenties, when she became pregnant with her second child, plaintiff has suffered migraine headaches. These migranes were not exacerbated by her static electricity experiences on May 4, 1994 and in November of 1994.
7. The episodes of static electricity that plaintiff experienced on May 4, 1994 and in November of 1994 did not expose plaintiff to conditions not experienced by the general public in everyday life.
8. Plaintiff has not sustained an occupational disease or an injury by accident arising out of and in the course of her employment with defendant.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has not sustained an occupational disease or an injury by accident arising out of and in the course of plaintiff's employment with defendant. N.C.G.S. § 97-2(6); § 97-52.
2. Plaintiff is entitled to recover no benefits or compensation by reason of her claim under the provisions of the North Carolina Workers' Compensation Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim under the provisions of the North Carolina Workers' Compensation Act is denied.
2. Each party shall bear its own costs of this appeal.
This the 30th day of January, 1998.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ BERNADINE S. BALLANCE COMMISSIONER